UNITED FUEL & SUPPLY CO. *v.* F. M. SIBLEY LUMBER CO.

Specific Performance—Purchaser of Vendee's Equity Held to Have Assumed Obligations.

> In a suit by the vendor for the specific performance of a land contract, evidence that defendant purchased a bankrupt's equity in said contract at a public sale conducted by the trustee in bankruptcy, that defendant was fully advised of the terms of the sale, that it assumed the bankrupt's obligation under the contract, that the vendor accepted an assignment by the trustee of defendant's acceptance, and released all claims against the bankrupt, *held,* to clearly establish that defendant purchased the bankrupt's equity in said contract and lawfully assumed the obligations thereof.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 16, 1923. (Docket No. 84.) Decided March 23, 1923.

Bill by the United Fuel & Supply Company against the F. M. Sibley Lumber Company and another for the

specific performance of a land contract.    From a decree for defendants, plaintiff appeals.    Reversed, and decree entered for plaintiff.

*Stevenson, Carpenter, Butzel & Backus* (*Thomas G. Long* and *Rockwell T. Gust,* of counsel), for plaintiff.

*Routier & Nichols* (*George E. Nichols,* of counsel), for defendant lumber company.

CLARK, J.    From the plaintiff, the Central Mill & Lumber Company, bankrupt, was a contract purchaser of the real estate used in its business.    The printed matter prepared by the Security Trust Company, trustee, for a public sale of the property of the bankrupt and for the convenience of bidders, divided the property into parcels.    An important item was the stock of lumber.    In one parcel was the entire property, including the equity in the land contract. Bidders were given full information of the amounts paid, due and to become due on the contract, and of taxes unpaid on the real estate.    Plaintiff, vendor in the contract, wrote a letter to the trustee consenting to the sale and transfer of the bankrupt's interest in the contract,

"providing that all amounts due at the time of indorsing such consent shall have been paid up and providing the buyer of the equity formally undertakes by indorsement on the contracts to carry out the same."

This letter was read to bidders assembled at the time and place of the sale.    It was announced that a purchaser of the personal property alone, desiring to occupy the real estate, would have to consult the owner in regard thereto.    Defendant purchased the entire property, paid for it, entered into possession of the real estate, used it as a lumber yard to dispose of the

stock, and at the time of the trial such possession had continued for nearly a year. The trustee delivered to the defendant, with other papers, an assignment of the bankrupt's interest in the land contract containing an undertaking that the defendant assume and agree to carry out the same, which undertaking the defendant signed. The trustee then assigned this undertaking to plaintiff and in consideration thereof plaintiff released all claims against the bankrupt. Plaintiff sought payment of the amount then due on the contract. An employee of plaintiff testified that defendant's president said to him:

"That he wanted a little more time. He asked for a week or ten days longer in which to give his answer as to when he would pay this money."

At a later interview defendant stated that it intended turning the real estate back to plaintiff. On July 13, 1921, the bill was filed for specific performance. Later an amended bill was filed. Defendant made a motion to dismiss. It filed an answer. Later it answered the amended bill. On February 4, 1922, it filed a cross-bill and there claimed that it had not assumed the obligations of the land contract, that its signature to such undertaking had been made under mistake, and that, when it purchased the property of the bankrupt, it understood that it had the choice of assuming or refusing the land contract and prayed that such undertaking be set aside. Defendant's president, and several others who attended the sale, gave testimony of an announcement at the sale that the assuming of the contract obligations would be at the option of the purchaser. This testimony was flatly contradicted by the agents of the trustee and by the auctioneer who attended the sale. Defendant's president testified of having signed such undertaking carelessly and without reading. Defendant had decree. Plaintiff has appealed.

Counsel for plaintiff discuss the facts. They also discuss the legal effect of defendant's signing the undertaking even if signed as claimed by it, of accepting and keeping the original contract and the assignment thereof, of taking possession of the premises, of retaining possession after demand for performance of the contract, and of retaining and continuing in possession after the filing of the bill for specific performance, but we need not consider such questions. The great weight of the evidence establishes clearly the fact that defendant purchased the bankrupt's equity in the land contract, and lawfully assumed the obligations thereof.

The decree is reversed. Plaintiff will have decree for the relief prayed, with costs of both courts.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.